**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IVAN LEE MATTHEWS, | No. 19-15138 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-00083-AWI-BAM |
| v. | |
| R. LILES, Sergeant; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted January 8, 2020**

Before:    CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

California state prisoner Ivan Lee Matthews appeals pro se from the district court's summary judgment for failure to exhaust administrative remedies in his 42 U.S.C. § 1983 action alleging a retaliation claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2015), and we affirm.

The district court properly granted summary judgment on Matthews's retaliation claim because Matthews failed to exhaust administrative remedies, and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Ross v. Blake*, 136 S. Ct. 1850, 1856, 1858-60 (2016) (explaining that an inmate must exhaust "such administrative remedies as are available" before bringing suit, and describing limited circumstances in which administrative remedies are unavailable (citation and internal quotation marks omitted)); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." (citation and internal quotation marks omitted)).

We reject as without merit Matthews's contention that the district court erred by considering the issue of exhaustion of administrative remedies for the first time on summary judgment.

**AFFIRMED.**